# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DENNIS STIVERS,
ADC #91244                                                 PLAINTIFF

v.                  No. 5:14-cv-34-DPM-JTR

SONJA PEPPERS, Doctor, Tucker Unit,
ADC; RAMONA HUFF, Nurse's Charge, Tucker
Unit, ADC; WENDY KELLY, Medical Director, ADC;
ROGER CAMERON, Drug and Alcohol Program
Director, ADC; and RONCHISM, Program
Supervisor, Tucker Unit, ADC                  DEFENDANTS

## ORDER

1. Stivers has filed this *pro se* § 1983 action alleging that defendants violated his constitutional rights at the Tucker Unit of the Arkansas Department of Correction. № 2. The Court must screen Stivers's complaint. 28 U.S.C. § 1915A.

2. Stivers alleges that Doctor Peppers and nurse Huff failed to provide him with constitutionally adequate medical care for problems with his lumbar spine. Stivers says ADC medical director Wendy Kelly knew about the alleged lack of adequate medical care, but failed to take corrective action. Stivers has pleaded plausible § 1983 claims against them.

3. Stivers says that Cameron and Ronchism's failure to make reasonable

accommodations for his medical condition forced him to withdraw from the ADC's therapeutic community program, which was a prerequisite for his being considered for parole. A § 1983 claim must be based on a violation of a federal statutory or constitutional right. *Burlison v. Springfield Public Schools*, 708 F.3d 1034, 1038 (8th Cir. 2013). Stivers does not have a federal statutory or constitutional right to be released on parole or to participate in discretionary prison programs that might increase his chances of parole. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9–11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 807–08 (8th Cir. 2011). He therefore has not pleaded a plausible § 1983 claim for relief against Cameron and Ronchism.

4. The Clerk shall prepare summons for Defendants Peppers, Huff, and Kelly. The U.S. Marshal shall serve the summons, the complaint, and this Order on Kelly through the ADC Compliance Division without prepayment of fees and costs or security therefor. The summons, complaint, and this Order must be served on Peppers and Huff through the Humphries & Odum law firm without prepayment of fees and costs or security therefor. If any of the defendants is no longer an ADC or Correct Care Solutions employee, the

individual responding to service must file the unserved defendant's last known private mailing address under seal.

\* \* \*

Stivers may proceed with his inadequate-medical-care claim against Peppers, Huff, and Kelly. Service is ordered on that claim only. Stivers's claim against Cameron and Ronchism is dismissed without prejudice. The Court certifies that an *in forma pauperis* appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 February 2014