IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 19 2014
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

DENNIS STIVERS, ADC #91244                                    PLAINTIFF

VS.                        NO. 5:14-CV-00034 DPM/JTR

DR. SONJA PEPPERS-DAVIS, et al.                               DEFENDANTS

## MOTION TO AMEND

COMES Plaintiff Dennis Stivers, ADC #91244 (Defendant), Pro Se, according to Local Rule 5.5(e) and moves this Court for leave to amend the Complaint and to add additional defendant as follows:

### 1. ADDITIONAL DEFENDANT:

After receiving answers to interrogatories by Defendant Wendy Kelley (Kelley), dated May 16, 2014, Plaintiff has learned that <u>Robert A. Floss, M.D.</u> should be added as a defendant to this case. Plaintiff was unaware of Dr. Floss's involvement in the case until receiving Defendant Kelley's answer.

2. CLAIM AGAINST <u>ROBERT A. FLOSS, M.D. in his Individual Capacity</u>.

(a). On 6/19/2013, Orthopedic Surgeon, Dr. Bernard Crowell, of the Orthopedic Clinic in Little Rock, forwarded his prescription to Arkansas Department of Correction Medical Care Provider - CORIZON, INC., employees - for "patient waiver".

(b). The prescription by Dr. Crowell referred to in Paragraph (a), above, was a result of several different communications between Dr. Crowell and ADC medical staff concerning Plaintiff's need for a waiver from the specialist excusing Plaintiff from the rigors of a program stipulated on him as a condition for release on parole by the Arkansas Parole Board.

(c). The waiver prescribed by Dr. Crowell was never implemented by ADC Medical staff.

(d). Until receiving discovery by Defendant Kelley, Plaintiff was unaware of the involvement of Robert A. Floss, M.D. (Defendant Floss).

(e). On August 5, 2013, Defendant Floss sent an e-mail to Mr. Bob Parker, Mental Health Administrator, that it was his (Dr. Floss) determination that the waiver by Dr. Crowell "highly unlikely... refer[ed] to the 'Therapeutic Community Program'[(T.C.)]."

(f). While the June 19, 2013 waiver by Dr. Crowell was for "3 months"; Dr. Crowell forwarded a waiver for permanent

release from the program after June 19, 2013. From the email information, it is evident that Defendant Floss, with unknown specialties, overruled the prescriptions of Dr. Crowell.

(g). The actions of Defendant Floss have caused Defendant to suffer extreme pain for over a year to complete a program to be released on parole.

(h). Defendant Floss was aware of the condition of Plaintiff that credited the "specialist" to issue the waiver.

(i). The actions of Defendant Floss constitutes deliberate indifference to Plaintiff's serious medical needs in violation of the U.S. Constitution, Amendment 8, guarantee against cruel and unusual punishment.

(j). The actions of Defendant Floss constitutes negligence that resulted in medical malpractice pursuant to Arkansas state law.

3. RELIEF:

Plaintiff seeks the following relief from Defendant Robert A. Floss:

(a). Compensatory damages for actual injury due to violation of Plaintiff's constitutional rights in an amount to be determined by the jury or the Court as the case maybe.

(b). Compensatory damages for pain and suffering and for

3

mental anguish and emotional distress due to violation of Plaintiff's Constitutional rights in an amount to be determined by the jury or the Court as the case may be.

(c). Compensatory damages for injury suffered by Plaintiff due to negligence by Defendant Floss constituting medical malpractice in an amount to be determined by the jury or the Court as the case may be.

(d). Punitive damages in an amount to be determined by the jury or the Court based on the net worth of Defendant Floss for violation of Plaintiff's Constitutional rights and/or negligence constituting medical malpractice.

(e). Any other relief the jury or the Court may deem just and proper under the circumstances of the case.

(f). Defendant Floss is to be assessed for damages and/or awards separate from all other defendants.

4. **SERVICE OF PROCESS**:

Defendant Robert A. Floss, M.D. should be served through the law offices of Humphries and Odom without prepayment of fees and costs or security therefor, as previously ordered for other contracting defendants in this case. (Document 5 at 2).

Executed this 9th day of June, 2014.

*Dennis Stivers*
DENNIS STIVERS, PRO SE
ADC #91244

TUCKER UNIT
P.O. Box 240
Tucker, AR 72168-0240

## CERTIFICATE OF SERVICE

This is to certify that I have mailed a copy of the foregoing to counsel for all parties this ___ day of June, 2014.

HESTER J. CRISWELL
ASST. ATTY. GEN.
323 CENTER ST. Ste. 200
LITTLE ROCK, AR 72201

MICHELLE BANKS ODUM
HUMPHRIES, ODUM & EUBANKS
ATTORNEYS AT LAW
P.O. Box 20670
WHITEHALL, AR 71612-0670

*Dennis Stivers*
DENNIS STIVERS, PRO SE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 03 2014
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

DENNIS STIVERS, ADC #91244          PLAINTIFF

VS.                                 No. 5:14-CV-00034 DPM/JTR

DR. SONYA PEEPERS-DAOS, et al.      DEFENDANTS

## MOTION TO AMEND TO ADD DEFENDANTS

COMES Plaintiff Dennis Stivers, ADC #91244 (Plaintiff) Pro Se, in the above 42 U.S.C. §1983 action and moves this Court for leave to Amend the Complaint to include two (2) additional defendants:

1. Correct Care Solutions (CCS), 6814 Princeton Pike Road, Pine Bluff, Arkansas, 71603 — Legal process to be served on the law firm of Humphries, Odum & Eubanks, 7300 Dollarway Road, Suite 112 Whitehall, Arkansas, 71602.

2. Corizon, Inc., 105 Westpark Drive, Suite 200, Brentwood, Tennessee, 37027. Legal process to be served on the law firm of Humphries, Odum & Eubanks, 7300 Dollarway Road, Suite 112, White Hall

1

Arkansas, 71602.

Plaintiff moves to add the two defendants because he has recently learned through discovery produced by other defendants that that the two corporations are responsible for the deliberate indifference of his serious medical needs and acts of malpractice complained of in the original and other amended complaints. Addition of the two corporations is necessary for an adequate and full adjudication of the claims.

Leave to amend should be freely given when justice requires, Fed. R. Civ. P. 15(a)(2), unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Forman v. Davis, 371 U.S. 178, 182-183 (1962). None of these apply in this case, even though Plaintiff has been allowed to amend more than once. It is only through Defendant Dr. Sonya Peppers-Davis (Defendant Peppers) answer to interrogatories and request for documents that Plaintiff has discovered the actual roll and liability of the corporate employers.

2

A. <u>AMENDED CLAIM</u>:

1. During the time of Plaintiff's claim of denial of constitutionally adequate medical care that violated his rights to be free from cruel and unusual punishment guaranteed by the United States Constitution, Amendment Eight; and his claim of medical malpractice by several named defendants, both Corizon, Inc. and Correct Care Solutions (CCS), provided Inmate Care for the Arkansas Department of Correction by contract.

2. Both Corizon, Inc., and CCS maintain policy that requires their employees to place costs of treatment before the health and medical care of the inmate.

3. Though Defendants Dr. Sonya Peppers-Davis and Dr. Robert Floss are independently responsible for their actions where each know, or should know that their actions constitutes a violation of Plaintiff's constitutional rights, and medical malpractice, these defendants were - and continue to - operate(ing) under policies of Corizon, Inc, and/or CCS which cause the violations.

B. <u>RELIEF</u>:

4. Plaintiff seeks compensatory and punitive damages from both Corizon, Inc., and CCS separately for the operation

3

by policy that causes and continues to cause its (their) employees to disregard the Constitution and standards of medical care when rendering health care to Plaintiff and all inmates of the Arkansas Department of Correction (ADC).

5. Injunctive relief requiring CCS - the present health care provider for ADC - to revise its policy to remove any directives that are structured to violate the U.S. Constitution and/or medical practice standards in the State of Arkansas.

6-30-14
EXECUTED ON (DATE)

Dennis Stivers
SIGNATURE OF PLAINTIFF
DENNIS STIVERS, 91244, #10 SE
TUCKER UNIT
P.O. Box 240
TUCKER, AR 72168-0240

I, Dennis Stivers, do swear under penalty of perjury that the facts stated herein are true and correct to the best of my knowledge and belief.

EXECUTED ON:
6-30-14
(DATE)

Dennis Stivers
SIGNATURE OF PLAINTIFF

4

## CERTIFICATE OF SERVICE

This is to certify that I have Mailed a true copy of the foregoing to:

Michelle Banks Odum
Humphries, Odum & Eubanks
P.O. Box 20670
White Hall, AR 71612-0670

Hester L. Craswell
Asst. Atty. General
323 Center St. Ste. 200
Little Rock, AR. 72201

This 1 day of July, 2014.

_Dennis Stivers_
DENNIS STIVERS, PRO SE

5